GILMORE, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*March 9 — April 3, 1895.*

*Railroads: Fences: Killing of horse on track: Evidence.*

The evidence in this case that plaintiff's horse, which was killed upon defendant's track, came upon the right of way at a point where it was unfenced, is *held* sufficient to support a verdict in plaintiff's favor for the value of the horse.

APPEAL from a judgment of the circuit court for Pepin county: E. B. BUNDY, Circuit Judge. *Affirmed.*

For the appellant there was a brief signed by *George P. Cary* and *C. M. Hilliard*, and oral argument by *Mr. Cary*.

*Wm. E. Plummer*, for the respondent.

Gilmore vs. Chicago, Milwaukee & St. Paul R. Co.

CASSODAY, J.   The plaintiff owns a farm, upon which he resides, near Round Hill, in Pepin county.   The Chippewa river runs through it in a northerly and southerly direction. The defendant's railway runs along the easterly bank of the river at that point.   The plaintiff's dwelling house, outbuildings, and pasture were on the westerly side of the river, and he had a barn opposite and on the easterly side of the railway track.   The plaintiff's pasture, on the westerly side of the river, was fenced on all sides, except the side adjoining the river, where it was unfenced.   At the time in question there was no fence for a distance of 1,200 feet between the opposite shore of the river and the railway track, and never had been.   The complaint alleges, in effect, that June 27, 1893, the plaintiff's mare strolled from said pasture across the river and onto the defendant's right of way at a point where there never had been any fence on the westerly side thereof, and was soon thereafter, and at a point some distance northward, killed by being struck by a passing train or car; and demands judgment for her value.   The answer is a general denial.   The verdict is in favor of the plaintiff for the value of the mare, and this is an appeal by the defendant from the judgment entered upon the verdict.

The defendant contends that the preponderance of the evidence is to the effect that the mare got onto the right of way through a gate from the plaintiff's barn on the easterly side thereof, by reason of the plaintiff's negligence.   There is evidence, however, tending to prove that the mare got onto the right of way where it was unfenced, as alleged, and we are constrained to hold that such evidence is sufficient to support the verdict.   S. & B. Ann. Stats. sec. 1810; *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114; *Quackenbush v. W. & M. R. Co.* 62 Wis. 411.   This being so, there was no error in refusing to direct a verdict in favor of the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.